The first case today is number 181795 United States v. Derrick A. Coffin Thank you Thank you Mr. Solanas, good morning Good morning, your honor May it please the court, my name is Hunter DeVars, I'm from Bangor, Maine And I'm representing Derrick Coffin in this matter I would request, your honor, that I reserve one minute for rebuttal time You may Thank you Mr. Coffin is asking this court to remand his sentence back to the trial court to be resentenced Because the trial court made errors in calculating the offense level guideline as well as Mr. Coffin's criminal history score And further, a sentence of 20 years, which is the maximum sentence for these charges, is substantially unreasonable Based on all of the factors in this case I can start, your honor, with the criminal history calculation here The court allotted a total of four points for convictions in 2006 There were two burglary convictions and a gross sexual assault conviction The court found that it would count the burglary conviction first as three points And then, because all these sentences were to count as one, because they occurred on the same day And there was no intervening arrest The court then decided to count the GSA, the gross sexual assault charge, as a separate one point criminal history score Based on being a crime of violence It was our position at the time and our position now, your honor, is that there should only have been three points for the GSA conviction The burglars are not crimes of violence What do we do with the fact that the federal district judge said Even if I'm wrong in the criminal history calculations I would, under the guidelines, do an upward departure here So if there were any error, it would be harmless I would disagree that it's harmless error because the court has an obligation to calculate the guidelines correctly No, why isn't it harmless? The same sentence results in the end And the district court says I've got an alternate rationale My alternate rationale is I would give an upward departure And that's plainly within the court's discretion to do The court sentence was based on figuring that he had a criminal history category four Based on these prior convictions and calculated it incorrectly So that would be error Whether there should have been an upward departure We would object to that and disagree as well based on Mr. Coffin's criminal history And what is your argument on that? Well, Mr. Coffin, really other than these two convictions from 2006 had a minimal criminal history He never spent more than 10 days in jail Other than these two convictions which the district court took rather seriously Breaking into someone's home is a serious matter That was the burglary conviction, correct? Correct They all occurred within days of each other And were essentially one course of conduct And the burglars are not considered crimes of violence And the guidelines account for all of that Not only that, but the convictions were over 13 at the time of sentencing The offense, 12 years old Furthermore, the statute already accounts for the significant criminal history of the GSA By raising the floor from zero to 10 years So the upward departure then was an error by the court as well If that was the basis for the criminal history category But the court was clear that it also found that it was correct In calculating the criminal history category by counting the burglary first in the GSA And the reason why that's error is the guidelines make clear that When you get two sentences counting as one, you look to the longer sentence And on the gross sexual assault, Mr. Coffin initially received a 15 year sentence All but 8 years suspended And the burglary was 8 years Could you help me with one thing? The GSR as the defendant maintains it should have been calculated I thought that would have been 292 to 365 months Assuming the other enhancements apply, correct? If the criminal history category changed, that would be the guideline If you were correct on the order in which the two offenses should have been dealt with And the district court was wrong But then on the other enhancements the district court was right Then this sentence would not, even under that calculation, be an upward departure, would it? No, it would be a below guideline sentence It would be a below guideline sentence So what we have is a district court judge doing the calculation And setting what is a below guidelines sentence under either form And explaining that even if it's wrong It would still pick the below guidelines sentence that it's being picked So under our case law, don't you need to show that there wasn't enough explanation of that rationale? Because otherwise we've held there would be no prejudice And I don't think there was enough explanation here of that rationale What was wrong, what was deficient in the judges Because we do have some case law that just says If you just say, and even if I'm wrong, I'd still give you this sentence May not, particularly if it's an upward departure, be enough But we've also got case law saying that if you say And even if I'm wrong for this reason I would have done such and such Especially if it's a downward departure, as here, that's enough So you need to locate yourself on that spectrum Nearer the not enough than the enough I suggest, Your Honor, it's not enough Because the court went through the analysis on the criminal history category Ruled the way it did And then essentially as a throwaway position Said that well, I would have upward departed anyway And found the criminal history category to be the same The court never said it would oppose the same sentence either way Perhaps that's implied But there was no rationale or no other than a conclusory statement That the criminal history category better suits category 4 than category 3 The court never explained why it found that Or why it would have ruled that way Absent its earlier determination that the two convictions counted separately So for those reasons, Your Honor, we feel that it falls more on that Or does fall on the level of not enough Rather than explaining the not Now, I would suggest it's clear here that the longer sentence was the GSA Even if at the time they were both 8-year sentences If you don't count the suspended portion Because the PSR and the record make clear that That GSA charge was ultimately revoked The probation, the whole 15-year sentence was imposed So it does not seem to be I would suggest the question is what of the two are longer Are you arguing the obstruction of justice enhancement was wrong? Yes, Your Honor Why? As far as the obstruction of justice He tries to coach two different witnesses to lie to the police To give him a better defense As far as the one witness, I believe it's RW, the witness, the girlfriend It's our position that the letters that were sent to her Were letters that Mr. Coffin was indicating These are the facts that I know And he wasn't telling anyone to lie or to say this Against what the truth is As far as the letter to Brad Perhaps that's the closer issue on the two But in that case it's different than the Trinidad Acosta case Or the Kongsville case Where the threat, in that case it was a threat Actually reached someone that could have been Related to the person that was intended to get the letter Here the person, Brad, never got the letter No one else got the letter that could have relayed No, it was intended to get the letter It was intercepted by law enforcement I know the court found that and inferred that based on the evidence Yes, and it's a perfectly rational inference But I think for the attempt to make it To be an attempt to take a substantial step There has to be more than just writing the letter And leaving it in the paperwork Thank you Thank you, Your Honor Mr. Block, good morning Good morning, Your Honors May it please the Court Benjamin Block on behalf of the United States As Judge Lynch has noted The issue of the criminal history category Is one in which if there was error at all It was harmless The Court below made the defensible decision That Mr. Coffin's criminal history was sufficiently serious That if he was incorrect about the interplay Between the convictions, the grouped convictions in 2005 That an upward departure to Category 4 was appropriate And certainly based on Mr. Coffin's past criminal history That was warranted Far from being a minimal criminal history Mr. Coffin in 2001 was convicted of assaulting his mother In 2003 was convicted of assaulting another individual In which he knocked out that person's tooth He committed two burglaries in 2005 Within the span of 10 days And as part of the second burglary Sexually assaulted a 10-year-old boy By forcing him to perform oral sex Under threat of death This is hardly an unserious criminal history In 2016 he failed to register as a sex offender And while there was no conviction The Court found sufficiently credible The allegations and Mr. Coffin's admissions With respect to a sexual assault of a 6-year-old girl When he was 15 years old So I don't think that there's any basis To find that an upward departure would not be supportable In this case So you characterize this sentence as an upward departure Under the alternative that If the Court was wrong on the criminal history I would suggest that the Court did not err In determining that Mr. Coffin Was appropriately a criminal history category 4 Whether that was done under 4A1.1 Or as an upward departure under 4A1.3 His ultimate sentence was below guidelines In either event as you noted earlier And indeed substantially below guidelines This was a 240-month sentence When in a best case scenario for Mr. Coffin His guidelines were 292 to 324 And indeed the government in this case Asked for consecutive sentences Totaling 480 months You know on this argument about error About the criminal history category There does seem to be room for argument both ways About how it should have been properly calculated And the District Court made its calculation Because he thought it made no sense To essentially rule out of consideration The burglary which he considered To be quite a serious offense And there doesn't seem to be clear case law on this Is this the sort of issue that the Sentencing Commission Should be asked to address? I would agree with everything that Your Honor said That this is an unclear and unusual circumstance In the guidelines I think there is some textual support For my opponent's position But it's certainly not clear in the case law There's really no case law on this issue And clarification from the Sentencing Commission Would be helpful Unless the Court has questions Regarding any of the other points raised by appellant The government would submit on its brief And ask for the sentence to be affirmed Thank you Mr. Zavarro Thank you again, Your Honor Just to address briefly the government's position That the upward departure was appropriate Even if the criminal history category was calculated incorrectly Mr. Coffin had three convictions Between the age of 18 and 21 All misdemeanors Two of them were driving offenses One of the assaults, he received a $250 fine And involved a fight with a peer And then there was a domestic issue with his mother When he was 18 years old That he received 10 days in jail When he was quite a young man And then he commits these two serious offenses when he's 23 But again, those offenses The guidelines tell us how to deal with those offenses The Sentencing Commission has set forth their calculations And the Court If our position is that they've properly calculated that He would have three criminal history points And then he gets the other point For when he failed to register and got a fine in 2016 Which fairly places criminal history category at a 3 An upward departure would have been inappropriate Thank you, Your Honor Thank you